# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TROY C. JORDAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3565** |
| **JACK STRAIN, ET AL.** | **SECTION "C" (1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Troy C. Jordan, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Sheriff Jack Strain, Lewis Sanders, Danny Fonte, and Nick Powe. A Spears hearing was held in this matter on June 23, 2009.[1] Based on the complaint and the testimony at that hearing, the Court finds that plaintiff is making the following allegations in this proceeding.

On October 3, 2007, plaintiff was searched after officers allegedly saw him throw drugs on the ground. Plaintiff was then arrested for possession with intent to distribute cocaine, and the officers pursued that charge after plaintiff refused to participate in a drug sting operation. He was subsequently convicted of the charge in a jury trial in which the drugs allegedly recovered at the

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

scene were introduced as evidence. He remains incarcerated based on that conviction and is currently seeking post-conviction relief in the state courts.

In this federal complaint, plaintiff claims that the search and seizure were illegal and that he was falsely arrested. As relief, he seeks $1,000,000.00 in damages.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Although broadly construing plaintiff's complaint,[2] the Court nevertheless finds that his claims must be dismissed as frivolous because they are prescribed.

In the instant case, plaintiff's false arrest and illegal search and seizure claims accrued in 2007. See Wallace v. Kato, 549 U.S. 384 (2007); Shipp v. Richardson, Civ. Action No. 3:07CV-P693-S, 2008 WL 2358859, at *2 (W.D. Ky. June 7, 2008). He then had only one year from the date of accrual to brings his claims pursuant to 42 U.S.C. § 1983. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008). Plaintiff's federal complaint was filed no earlier than May 10, 2009,[3] over one year after his claims accrued in 2007. Accordingly, his claims prescribed before the instant lawsuit was filed. A complaint asserting prescribed claims is properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.[4]

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3] A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court. Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date of the complaint was signed, May 10, 2009.

[4] Moreover, even if the District Judge were to determine that plaintiff's claims were not prescribed, the claims would still be barred by Heck v. Humphrey, 512 U.S. 477 (1994). Where, as here, an individual is ultimately convicted of the charge for which he was arrested and that conviction remains outstanding, Heck requires dismissal of his false arrest claim. See Wallace, 549 U.S. at 394 (2007); see also Queen v. Purser, 109 Fed. App'x 659, 660 (5th Cir. 2004); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008). Heck likewise bars the related illegal search and seizure claim. See Johnson v. Bradford, 72 Fed. App'x 98, 99 (5th Cir. 2003); Hall v. Lorenz, No. 02-50312, 2002 WL 31049457 (5th Cir. Aug. 30, 2002).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-fourth day of June, 2009.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**