# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TROY C. JORDAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3565** |
| **JACK STRAIN, ET AL.** | **SECTION "C" (1)** |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

After reviewing the complaint and conducting a <u>Spears</u> hearing in this matter, the undersigned issued a report on June 24, 2009, recommending that plaintiff's sole claims in this proceeding, i.e. a false arrest claim and an illegal search and seizure claim, be dismissed because they were prescribed.[1] Plaintiff objected to that Report and Recommendation.[2] On July 27, 2009, the District Judge construed plaintiff's objection as a motion to amend the complaint to add a malicious prosecution claim and referred that motion to the undersigned for disposition.[3] Because plaintiff was clearly entitled to amend his complaint as a matter of course without leave of court pursuant to Fed.R.Civ.P. 15(a)(1), the undersigned has this date granted that motion. Pursuant to the District Judge's direction, the undersigned hereby issues this Supplemental Report and Recommendation to address the new claim.[4]

---

[1] Rec. Doc. 8. In that report, the undersigned alternatively noted that, even if those claims were not prescribed, they would still be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

[2] Rec. Doc. 9.

[3] Rec. Doc. 10.

[4] The original Report and Recommendation regarding the two original claims is unaffected by the amendment and remains in effect.

Plaintiff's malicious prosecution claim obviously fares no better than his original claims. The United States Fifth Circuit Court of Appeals has clearly held that there is no "freestanding constitutional right to be free from malicious prosecution." Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003); see also Quinn v. Roach, No. 08-40633, 2009 WL 1181072, at *7 (5th Cir. May 4, 2009); Bloss v. Moore, 269 Fed. App'x 446, 448 (5th Cir. 2008); Moore v. Blanco, 255 Fed. App'x 824, 825 (5th Cir. 2007). Accordingly, it is elementary that plaintiff's malicious prosecution claim is not independently cognizable under 42 U.S.C. § 1983. Deville v. Mercantel, 567 F.3d 156, 169 (5th Cir. 2009).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's malicious prosecution claim be **DISMISSED WITH PREJUDICE** as frivolous and for failing state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-eighth day of July, 2009.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**